## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PRESTON B. TOWNSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION 1:22-00251-KD-N |
| | : | |
| MERRICK GARLAND, UNITED STATES | : | |
| ATTORNEY GENERAL, *et al.,* | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the Plaintiff's motion for leave to file an amended complaint (Doc. 32) and the Defendants' opposition (Doc. 49).

On June 27, 2022, Plaintiff Preston B. Townson (Plaintiff) filed this action against Defendants Merrick B. Garland, in his capacity as the Attorney General of the United States of America, the United States Department of Justice, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, pursuant to 18 U.S.C. § 923(f)(3), seeking *de novo* review of the Attorney General's final notice of revocation of his application for a firearms license, alleging: violations of 18 U.S.C. § 923(d) (Count 1); 2) contravention of ATF policies and procedures (Count 2); 3) failure to conduct a hearing per the *Administrative Procedures Act* (5 U.S.C. § 701) (Count 3); and 4) a claim for statutory attorneys' fees (Count 4). (Doc. 1). As such, this action is a *de novo* judicial review of an ATF revocation administrative decision pursuant to Section 923(f)(3).[1]

---

[1] "If after a hearing held under paragraph (2) the Attorney General decides not to reverse his decision to deny an application or revoke a license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation. In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties

1

On August 29, 2022, Defendants moved to dismiss Count 3 of Plaintiff's Complaint; the motion was granted via the Court's adoption of the Report & Recommendation on same. (Docs. 14, 22, 23). On December 21, 2022 -- based on the parties' joint motion for a specific revised (abbreviated) schedule in this case -- U.S. Magistrate Judge Nelson issued a schedule revising the PSO such that the United States' answer was due by January 27, 2023 and dispositive motions were due by February 23, 2023. (Docs. 25, 26). On January 20, 2023, Defendants filed an Answer to Plaintiff's Complaint. (Doc. 27). On February 24, 2023, the Defendants filed motions for summary judgment (Docs. 31, 33, 34), but simultaneously Plaintiff filed a motion for leave to amend his complaint (Doc. 32). On March 20, 2023, the Court the ordered briefing on the motion, with a response from the Defendants by March 27, 2023. (Doc. 45). Also on March 20, 2023, Plaintiff unilaterally filed a first amended complaint, without leave of Court being granted and with his motion still pending. (Doc. 46). On March 27, 2023, the United States filed its opposition to Plaintiff's motion for leave. (Doc. 37). On April 28, 2023, Plaintiff's improperly filed first amended complaint was stricken. (Doc. 51).

Presently, Plaintiff seeks leave of Court to file a First Amended Complaint to add a new a "constitutional claim concerning the agency's action based in part on the United States Supreme Court's June 23, 2022 decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) and a claim that the Court's decision impacts the standards that may be used by the agency in performing a license application review as well as the scope of the Court's de novo

---

to the proceeding whether or not such evidence was considered at the hearing held under paragraph (2). If the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court."

review. In addition, the proposed amendment corrects references to certain statutory or CFR provisions that the Defendants noted in their answer." (Doc. 32 at 1).  The foregoing is the entirety of the grounds articulated by Plaintiff for leave for the requested amendment (no brief in support was attached and there was no discussion of Fed.R.Civ.P. Rule 15(a)(2), factors for consideration, caselaw in support, or any bases for granting the motion, no explanation for the delay, etc.).

Rule 15(a) of the <u>Federal Rules of Civil Procedure</u> governs amendments as follows:

> **a) Amendments Before Trial.**
> **(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within: **(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2)** ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Given that the time for amendment as a matter of course has passed, Rule 15(a)(2) provides the only avenue for amendment.

Leave to amend a complaint should be freely given "when justice so requires" except in the presence of countervailing factors. <u>See</u>, <u>e.g.</u>, <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Bartronics, Inc. v. Power-One, Inc.</u>, 245 F.R.D. 532, 534 (S.D. Ala. 2007). As to countervailing factors, courts "may consider several factors ... including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." <u>Perez v. Wells Fargo N.A.</u>, 774 F.3d 1329, 1340–1341 (11th Cir. 2014). Notably, this Court may consider evidence of bad faith or dilatory motive on the part of the movant and/or "repeated failure to cure deficiencies by amendments previously allowed." <u>Perez v. Wells</u>

3

Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014).  Generally, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F. 3d 1262, 1286 (11th Cir. 2015) (citation omitted).  However, amendment is properly denied where the moving party acted with "undue delay," where amendment would cause "undue prejudice to the opposing party," or "where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). And, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" Foman, 371 U.S. at 182.

The United States opposes Plaintiff's proposed amendment based on the following. First, per the United States, Plaintiff has unduly delayed the amendment as he was already aware of the grounds for the amendment when he filed the original complaint in June 2022 and the Bruen decision issued on June 23, 2022, before he filed his complaint.  Second, the United States suggests that Plaintiff has a dilatory motive given that the parties had previously agreed that "[t]he approach to presenting this case to the Court on cross-motions for summary judgment was negotiated between the parties and the parties jointly moved the Court for the briefing schedule in this case[]" and Plaintiff moved to amend in the midst of summary judgment briefing:

> Despite possessing a clear understanding of the *Bruen* decision before filing this case and the case pending for almost six months, Preston elected not to amend his complaint when he could have done so as a matter of course.
>
> Instead, Preston negotiated for a dispositive motion deadline of February 24, 2023, and strategically waited to amend his complaint until a time when it would upend the briefing schedule and, feasibly, give him a second bite at the apple by seeking an additional round of briefing to address the amended complaint. Further, though Rule 15 allows for the United States to consent to Preston amending his complaint, Preston never sought that consent.

***

4

> It is clear that Preston delayed in amending his complaint. The question, then, is whether the delay was undue or the result of a dilatory motive.
>
> Given that the parties' counsel had previously and amicably worked together to establish the briefing schedule in this case, it is difficult to fathom why Preston would not either amend the complaint as a matter of course prior to the United States' answer or, at a minimum, seek the United States' consent to amend the complaint. Instead, Preston must perceive some litigation advantage in pursuing the approach that he did.

(Doc. 49 at 3-4). Third, the United States argues that denying the motion to amend would not be prejudicial to him because Plaintiff has argued the Bruen decision -- the basis for the amendment -- already on summary judgment. Whereas granting the amendment would requiring the United States to either amend its motion for summary judgment to address the additional count or separately move for summary judgment on same. From this, the United States adds that fourth, a substantial reason exists to deny leave: summary judgment briefing is complete and is so in keeping with the parties' agreed-upon schedule. Fifth, the United States asserts that Plaintiff's proposed Bruen amendment is futile as a matter of law because:

> summary judgment, Bruen itself confirmed that, if the "regulated conduct" falls outside the Second Amendment, "then the analysis can stop here; the regulated activity is categorically unprotected." Bruen, 142 S.Ct. at 2126 (quotation omitted). Because the plain text of the Second Amendment does not protect Preston's application for a FFL, Bruen simply does not apply to this case, and Preston's proposed amendment is futile.

(Doc. 49 at 4).

Upon consideration, the record reveals "a substantial reason" to deny the amendment. At the outset, for context, this case concerns a de novo review of an ATF revocation decision for which "the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the [administrative] hearing held." 18 U.S.C. § 923(f)(3) (emphasis added).   However, district courts are not obligated to either hold evidentiary hearings

5

or to consider evidence in addition to that presented during the administrative proceedings (there is no requirement that courts "conduct full discovery to reestablish the entire administrative record. Congress did not intend such duplicative and wasteful proceedings. Instead, the Court considers whether the Attorney General's revocation was authorized, not whether this Court would make the same decision if originally presented with the issue[]"). Procaccio v. Lambert, 2006 WL 2090166, *2 (N.D. Ohio Jul. 25, 2006).[2] With that in mind, the Court turns its Rule 15(a)(2) analysis.

First, following the December 12, 2022 resolution of the motion to dismiss, the parties sought the Court's assistance in crafting a specific schedule for this case so that -- per the parties -- "the Court might be able to decide this matter based on the administrative record and dispositive briefing[.]" (Doc. 25).   Presumably then, the parties believed the Court -- with only the administrative record -- could resolve summary judgment without an evidentiary hearing and/or evidence in addition to that presented at the administrative proceedings. To accommodate the parties' request, this Court vacated the Preliminary Scheduling Order and issued a new schedule to endeavor to decide the case on the administrative record and motions for summary judgment. At that time, no mention was made of a need to amend the complaint to add a new theories or claims, or the impact of Bruen on Plaintiff's complaint. In keeping with the new schedule, on January 26, 2023, the administrative record was filed. (Doc. 28, 29). And approximately one (1) month later summary judgments were filed -- in the midst of which Plaintiff surprisingly filed the

_____

2 See, e.g., Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco & Firearms, 348 F.Supp.2d 1299, 1306 (S.D. Ala. 2004) ("that the Gun Control Act provides for de novo review of administrative decisions is not to vest a firearm dealer with an absolute right to an evidentiary hearing in appealing from an adverse ATF decision. Case law is to the contrary[]"); Shawano Gun & Loan, LLC v. Hughes, 650 F.3d 1070 (7th Cir. 2022) (in actions brought pursuant to 18 U.S.C. § 923(f)(3), district courts are not obligated to hold evidentiary hearings, or even to consider evidence in addition to that presented during the administrative proceedings).

current motion for leave to amend his complaint.  This, even though the parties were largely the architects of the current case schedule, a schedule granted to them based on their pointed request for (apparently) expedited *de novo* review. Plaintiff's motion, per the foregoing, is inexplicable.

Second, Plaintiff has unduly delayed seeking to amend his complaint to add new legal theories or claims including under Bruen -- given the specified schedule and because Bruen issued before he filed the original complaint.  Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (no abuse of discretion to deny a delayed amendment that would have added a new theory to the case). Additionally, the proposed amendment is not based on newly discovered facts. Moreover, Plaintiff has made no effort to explain the failure to include the new theories/claims in the original complaint. See, e.g., Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003) (affirming the district court's denial of motion for leave to amend when there was "no good reason why [the plaintiff] could not have made the motion earlier" and the movant had not explained its failure to include the amended claim in its original filing); Florida Evergreen Foliage v. E.I. Dupont De Nemours and Co., 336 F. Supp.2d 1239, 1254-1255 (S.D. Fla. 2004) (leave to amend may be denied where movant fails to show good cause for significant delay, where district court has already ruled on dispositive motions, or where parties and court have already expended considerable time and resources litigating prior claims).

Third, there exists prejudice to the non-movants given that Plaintiff has moved to amend his complaint at the summary judgment stage of the case with new legal theories/claims and not in keeping with the specific (abbreviated) schedule requested of, and given by, the Court.  The Defendants have already fully briefed summary judgment and the case is now at a ripe dispositive stage. Adding new legal theories/claims would require the Defendants to wholly revisit what they

have prepared to date to litigate this case including -- potentially -- an entirely new round of summary judgment briefing. The addition of a new theories of recovery has been held to be prejudicial when it is proposed late in the case and would entail significant additional preparation by the non-movant. Hall v. Aetna Cas. & Sur. Co., 617 F.2d 1108 (5th Cir. 1980) (same).[3] And when considering prejudice, courts may consider "whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." Tampa Bay Water v. HDR Eng., Inc., 2011 WL 13176486, *2 (M.D. Fla. June 29, 2011).

Fourth, while "the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint[,]"[4] here, the passage of 10 months since the filing of the original complaint does not stand alone but is informed by how counsel has litigated this case (supra) during that timeframe. This is not a case where extended discovery was envisioned or has occurred. Rather, this is a de novo review of an administrative record coupled with the parties' representations that the Court could resolve the dispute on such review -- and the parties' request for a specific schedule to accomplish just that. See, e.g. Schwarz v. City of Treasure Island, 544 F.3d 1201 (11th Cir. 2008) ("[t]he district court did not abuse its discretion by refusing to allow Gulf Coast to expand the scope of its lawsuit by asserting an entirely new theory of recovery at so late a date, particularly where discovery was already well underway and Gulf Coast could raise

---

3 See also e.g., Dannebrog Rederi AS v. M/Y True Dream, 146 F. Supp.2d 1307, 1315 (S.D. Fla. 2001): "... situations in which the court might deem an amendment prejudicial are if the opponent would be required to engage in significant new preparation at a late stage of the proceedings, if the defendant would be put to added expense and the burden of a more complicated and lengthy trial, or if the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury."

4 Hester v. International Union of Operating Engineers, 941 F.2d 1574, 1578-1579 (11th Cir. 1991).

the new claims in another lawsuit"); <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1319 (11th Cir. 1999) (no abuse of discretion to deny a delayed amendment that would have added a new theory to the case); <u>Halliburton & Associates, Inc. v. Henderson, Few & Co.</u>, 774 F.2d 441, 443 (11th Cir. 1985) (permission to amend a complaint may be denied where leave would cause undue delay or prejudice to non-movant). Further, Plaintiff has made no effort to explain the delay and/or articulate why new legal theories/claims should be permitted on summary judgment.

Given the foregoing, the Court's exercises its discretion -- after consideration of the unique circumstances of this case, the case's current posture (summary judgment briefing is complete), and the presence of certain countervailing factors -- and finds that leave should be disallowed. Thus, it is **ORDERED** that Plaintiff's motion for leave to file an amended complaint (Doc. 32) is **DENIED.**

**DONE** and **ORDERED** this the **1st** day of **May 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**