IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRESTON B. TOWNSON,              )<br>    Plaintiff,                              )<br>                                                       )<br>v.                                                     )<br>                                                       )<br>MERRICK GARLAND, Attorney General  )<br>of the United States, *et al.*,                  )<br>    Defendants.                         ) | CIVIL ACTION 1:22-00251-KD-N |

**ORDER**

This matter is before the Court on *de novo* review of an appeal of the Bureau of Alcohol, Tobacco, Firearms, and Explosives' denial of Plaintiff's federal firearms license application (Doc. 1; Doc. 1 at 3-17));[1] the certified administrative record (Doc. 29 – sealed); Defendants' Motion for Summary Judgment (Docs. 30, 31), Plaintiff's Response (Doc. 44), and Defendant's Reply (Doc. 47); and Plaintiff's Motion for Summary Judgment (Docs. 33, 34), Defendants' Response (Doc. 43), and Plaintiff's Reply (Doc. 48).[2]

As part of its duties to enforce federal regulatory requirements for licensed firearms, the Bureau of Alcohol, Tobacco, Firearms and Explosive (ATF) reviews, regulates, and renders determinations on federal firearms license (FFL) applications to ensure compliance with the *Gun Control Act* (GCA), 18 U.S.C. § 922 *et seq*. Pursuant to the GCA, all persons "engage[d] in the business of importing, manufacturing, or dealing in firearms," must be properly licensed. 18 U.S.C. § 923(a). On April 26, 2021, the ATF received Plaintiff Preston B. Townson (Preston) FFL application. This case concerns Preston's appeal of the ATF's September 16, 2021 administrative decision denying his FFL application.

1

While the parties' cross-motions for summary judgment are filed under <u>Federal Rule of Civil Procedure</u> Rule 56, this is an appeal of the ATF's administrative decision denying Preston's FFL application and so is governed by a *de novo* review. The right to appeal this administrative decision to federal court is governed by 18 U.S.C. § 923(f)(3) which provides, in relevant part:

> (f) … (3) If after a hearing … The aggrieved party may at any time within sixty days after the date notice was given … file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial …. **In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing held under paragraph (2)**). If the court decides that the Attorney General was not authorized to deny the application … the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court.

(emphasis added). The *de novo* standard of review means that the ATF's decision is entitled to no presumption of correctness and that the district court may attach such weight, if any, as it deems appropriate to the ATF's determinations and decision. <u>See</u>, <u>e.g.</u>, <u>Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives,</u> 348 F.Supp.2d 1299, 1306 (S.D. Ala. Dec. 16, 2004) (same); <u>3 Bridges, Inc. v. United States</u>, 216 F.Supp.2d 655, 657 (E.D. Ky. 2002) (same); <u>Weidner v. Kennedy</u>, 309 F. Supp. 1018, 1019 (C.D. Cal. 1970) (same)).

Moreover, as noted in <u>Willingham</u>, 348 F.Supp.2d at 1306-1307 (albeit for a revocation), the district court may consider additional evidence and hold an evidentiary hearing:

> … that the Gun Control Act provides for *de novo* review of administrative decisions is not to vest a firearms dealer with an absolute right to an evidentiary hearing in appealing from an adverse ATF decision. Case law is to the contrary….
>
> What is required … is that the district court allow the parties an opportunity to present additional evidence, irrespective of whether such evidence was presented at the administrative level of not … "petitioners can properly supplement so long as the evidence meets the other requirements of relevancy and admissibility under the Federal Rules of Evidence." *Trader Vic's Ltd. v. O'Neill,* 169 F.Supp.2d 957, 961 (N.D.Ind.2001) (expressing concern with ATF's misstatement of law that

2

evidence outside administrative record could not be considered, when 1986 amendment to § 923(f)(3) is plainly to the contrary); *see also 3 Bridges,* 216 F.Supp.2d at 657 (pursuant to *de novo* review of ATF decisions, "the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing"); *T.T. Salvage Auction Co. v. Secretary, U.S. Dept. of Treasury,* 859 F.Supp. 977, 979 (E.D.N.C.1994) ("Pursuant to 18 U.S.C. § 923(e), on a de novo review the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the revocation hearing."); *DiMartino v. Buckles,* 129 F.Supp.2d 824, 827 (D.Md.2001) ("*DiMartino I* ") ("The reviewing court can consider any evidence submitted by the parties regardless of whether that evidence was submitted in the administrative proceeding.")…

***

… "[a] district court may grant summary judgment when reviewing a firearms license revocation pursuant to 18 U.S.C. § 923(f)(3), provided no issues of material fact are in dispute." *DiMartino II,* 19 Fed.Appx. 114, 115, 2001 WL 1127288, at *1 (citing *Cucchiara v. Secretary of Treasury,* 652 F.2d 28, 29–30 (9th Cir.1981)); *Sturdy v. Bentsen,* 129 F.3d 122, 1997 WL 611765, *1 (8th Cir.1997) (same). Where a plaintiff fails to come forward with genuine issues of material fact in a § 923(f) appeal, it is unnecessary to hold an evidentiary hearing before ruling on a Rule 56 motion …

… "summary judgment is available … and may be appropriate if material facts developed at the administrative hearing, which the court also concludes justify nonrenewal, are not refuted or challenged by proper counter-affidavits filed pursuant to Rule 56." *Fin & Feather Sport Shop, Inc. v. U.S. Treasury Dept., Internal Revenue Service, Bureau of Alcohol, Tobacco and Firearms,* 481 F.Supp. 800, 807 (D.Neb.1979) (citation omitted); *see also 3 Bridges,* 216 F.Supp.2d at 657 (summary judgment may be granted on basis of administrative record when facts developed at administrative hearing sufficient to justify non-renewal are not substantially drawn into question by party seeking review).

Thus, "'[]he ultimate decision as to the law and the facts remains with the trial judge[]' … [and while] … not obligated to consider additional evidence[,] … the … court may accord the administrative findings 'such weight as it believes they deserve in light of the evidence in the administrative record and the evidence, if any, the … court receives to supplement that record." (emphasis omitted). XVP Sports, LLC v. Bangs, 2012 WL 4329258, *11 (E.D. Va. Sept. 17, 2012). See also Pinion Enterprises, Inc. v. Ashcroft, 371 F.Supp.2d 1311, 1314 (N.D. Ala. Jun. 3,

3

2005 ("the district court 'may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered[]' … [and] … [a]lthough … free to receive new evidence and hold an evidentiary hearing … the court is not bound to do either…" (footnotes omitted). However, "§ 923(f)(3) does not call upon this Court to decide whether it would" decide differently "in it's own judgment, but whether all of the evidence presented is sufficient to justify" the ATF's decision (whether the decision was "authorized"). Id. at 1315.

The ATF denied Preston's FFL application, stating as follows:

> On 6/16/2021 ATF began a qualification inspection of Applicant which revealed:
>
> 1. Applicant willfully failed to disclose required material information and made a false statement as to a material fact in connection with the application, ATF Form 5310.12 ("Application") and, therefore, does not meet the criteria for licensing pursuant to 18 U.S.C. § 923(d)(1)(D) and 27 C.F.R. § 478.47(b)(4), specifically:
>
>     a. Applicant made a material false statement in identifying the "Business/Activity" in Box 1 of the Application, to wit: describing it as a sole proprietorship.
>
>     b. Applicant made a material false statement in identifying the "Licensee Name" in Box 2 of the Application, to wit: applying solely in the name of Preston Townson.
>
>     c. Applicant made a material omission as to the "Trade or Business Name" in Box 3 of the Application, to wit: failing to identify that it intends to do business as "Bobby's Guns and Ammo."
>
>     d. Applicant made a material omission in identifying all "Responsible Persons" in Part B of the Application, to wit: failing to submit the name and relevant information regarding Bobby Dewayne Townson.
>
> 2. Applicant has willfully violated the provisions of the GCA and/or the regulations issued thereunder and, therefore, does not meet the criteria for licensing pursuant to 18 U.S.C. § 923(d)(1)(C) and 27 C.F.R. § 478.47(b)(3). Specifically, the Applicant (including, in the case of a corporation, partnership, or association, any individual possessing, directly or indirectly the power to direct or cause the direction of the management and policies of the corporation, partnership, or association) is, in fact, Bobby Dewayne Townson who willfully violated the Gun Control Act as set forth in the attached and fully incorporated Final Notice of Revocation (Form 5300.13); the Final Notice was issued to him while doing business as Bobby's Guns and Ammo at the same location as the within Applicant.
>
> For the above-mentioned reasons, the application is being denied.

Thus, the ATF denied Preston's application after concluding that he: 1) violated Section

923(d)(1)(D) -- willfully failed to disclose material information and made a false statement as to a material fact in connection with his application in identifying his business activity (sole proprietorship) and licensee name (applying for the license solely in his name) as well as by making material omissions as to the trade name (failing to identify that he intends to do business as Bobby's Guns and Ammo) and in identifying responsible persons (failing to submit the name and relevant information regarding responsible person Bobby Preston); and 2) willfully violated Section 923(d)(1)(C) because the true applicant is Bobby Preston, a willful violator whose FFL was revoked.

The Court has reviewed the parties' briefing, disputed facts, and certified administrative record as well as – *in its discretion* -- the new evidence submitted by Preston. Namely, the Affidavit of his father Bobby Preston. (Doc. 33-1 (Aff. B.Preston)). A review of Bobby's Affidavit indicates that genuine issues of material fact exist which prevent summary judgment in this case.  As such, it is **ORDERED** that a parties' respective motions for summary judgment are **DENIED.**

Additionally, the Court finds that an evidentiary hearing is required as part of its *de novo* review of Preston's appeal. Pinion, 371 F.Supp.2d at 1315 at n.9 ("a hearing is only necessary 'when some good reason to do so either appears in the administrative record or is presented by the party petitioning for judicial review[]'"). Thus, it is **ORDERED** that this matter is set for a Status Hearing, via teleconference, on **October 3, 2023** at **2:00 p.m**. to discuss potential dates for an evidentiary hearing. A call-in telephone conference number will be provided to the parties.

**DONE** and **ORDERED** this the **22nd** day of **September 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**